## Hughestown Election.

*Election law — Opening ballot-box — Specification of fraud — Appeal — Quashing.*

1. Where irregularities are alleged in an election district, the election law should be construed liberally in the interest of a pure ballot. The ballot-box is sacred, in so far as it contains the will of the voters, but that sanctity should not be a shield to conceal the hand of the election crook.

2. On petition of three qualified electors, a ballot-box may be opened, but where only one signs, the petition is fatally defective.

3. Where discrepancies and fraud in the general return are alleged, without specifying the fraud or mistake, the appeal from the decision of the election board will be quashed.

Motion to quash.   C. P. Luzerne Co., Oct. T., 1925, No. 2363.

*J. Harold Flannery,* for complainants.

*W. A. Valentine* and *Frank L. Pinola,* for respondents.

JONES, J.—Petition to open a ballot-box and an appeal from the decision of the return board in the matter of the computation and canvassing of the returns in the second election district in Hughestown Borough, and a motion to quash both proceedings.

The election laws should be interpreted so as to preserve the purity of the ballot, and to that end should be construed liberally and not technically. No one can be injured in the opening of a ballot-box, after impounding, except the ballot-box stuffer. The box is sacred, in so far as it contains the honest will of the electors, but that sanctity should not be a shield to conceal the crafty and subtle hand of the election crook, and when the miscreant discovers that his slimy trail may be followed, even unto the ballot-box, and his fraud exposed, the sooner we shall arrest the pollution of the ballot-box and kill the practice of corrupting and debauching our elections.

The court may, upon petition and the sworn affidavit of three qualified electors, open the ballot-box. In this case the petition contains the sworn affidavit of only one of the electors. Why the others did not swear to the petition is not disclosed. They may have been willing to sign the petition, but not to attach their affidavits, and, therefore, the petition is fatally defective; and if the electors themselves refuse to comply with the statute affording relief, they have none other than themselves to blame when the court is compelled reluctantly to refuse their request to open the box.

Upon the motion to quash the appeal, the record before the return board discloses the following objections:

(a) An overseer of election signed the returns and left the polling-place several hours before the count was completed.

(b) The overseer and an inspector called off the names on the ballots while the judge was not in the voting room.

(c) A number of persons who were registered as Democrats were changed to Republicans.

(d) There were seven less ballots counted than there were voted.

None of these objections were manifest upon the face of the returns and required proof to sustain them.

The overseer might be censured for signing the returns and leaving the polling-place before the count was completed, and even though he may have assisted the inspector in calling off the ballots while the judge was absent, there is no allegation or charge of any fraud or mistake on the part of any of

these officers or any suggestion that the result of the election was in any way affected by their conduct.

There is no allegation as to when or how, if it is a fact that some persons who were registered Democratic were changed to Republican or that the seven ballots not counted were regularly voted. They may have been vitiated for many legal reasons, and nowhere do we find any specification of any fraud, mistake or dishonest conduct in the count.

There is one general sweeping allegation to the effect that there was revealed by the return board discrepancies and fraud in the general return without any specification of fraud, and while we are reluctant to quash an appeal or refuse to open a ballot-box, we do not hesitate to do both when the petitioners fail to present a proper case in accordance with the statute affording them relief. Accordingly, the motion to quash the appeal is allowed.

From Frank P. Slattery, Wilkes-Barre, Pa.